FILED
HARRISBURG, PA

JAN 1 5 2019

PER_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:20-CR- 10 |
| | : | |
| v. | : | (Judge Wilson   ) |
| | : | |
| JAMES LARNERD and | : | |
| REBECCA SWIFT, | : | |
| Defendants. | : | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1
18 U.S.C. § 922(a)(6)
(False Statement During Purchase of a Firearm)

On or about April 16, 2019, in Lebanon County, within the Middle District of Pennsylvania, the defendant,

### REBECCA SWIFT,

in connection with the acquisition of a firearm, a Highpoint Model CF380 ACP handgun, S/N P8167295, from Dunham's Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Dunham's Sports, which statement was intended and likely to deceive

Dunham's Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that she was the actual buyer of the firearm indicated on the Form 4473, when in fact as the defendant then knew, she was not the actual buyer of the firearm.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. § 922(a)(6)
(False Statement During Purchase of a Firearm)

On or about April 25, 2019, in Lebanon County, within the Middle District of Pennsylvania, the defendant,

### REBECCA SWIFT,

in connection with the acquisition of a firearm, a Highpoint C9 Luger handgun, S/N P10044713, from Dunham's Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Dunham's Sports, which statement was intended and likely to deceive Dunham's Sports, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives form 4473, Firearms Transaction Record, to the effect that she was the actual buyer of the firearm indicated on the Form 4473, when in fact as the defendant then knew, she was not the actual buyer of the firearm.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about June 4, 2019, in Lebanon County, within the Middle District of Pennsylvania, the defendant,

### JAMES LARNERD,

did knowingly and intentionally possess with intent to distribute, and did knowingly and intentionally distribute a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

4

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. §§ 922(g)(1) and 924(e)
(Possession of a Firearm by a Prohibited Person)

From on or about April 25, 2019, through June 4, 2019, in

Lebanon County, within the Middle District of Pennsylvania, the

defendant,

### JAMES LARNERD,

knowing he had previously been convicted of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed

firearms, to wit, a Highpoint C9 Luger handgun, S/N P10044713, and a

Highpoint Model CF380 ACP handgun, S/N P8167295, and the firearms

were in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1)

and 924(e).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
21 U.S.C. § 856(a)(1)
(Using or Maintaining Drug Premises)

From on or about November of 2018 through June 4, 2019, in Lebanon County, within the Middle District of Pennsylvania, the defendant,

### JAMES LARNERD,

did unlawfully and knowingly use and maintain a place located at 327 Quittapahilia Drive, in North Cornwall Township, Pennsylvania, for the purpose of unlawfully distributing Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1).

6

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

## FORFEITURE ALLEGATION

1.      The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Sections 922(g)(1) and 922 (a)(6) set forth in Counts 1 through 5 of this Indictment, the defendants,

**JAMES LARNERD and
REBECCA SWIFT,**

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the

7

offenses; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

      a.    Highpoint C9 Luger handgun, S/N P10044713, and

      b.    Highpoint Model CF380 ACP handgun, S/N P8167295

3.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

8

All pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

DAVID J. FREED
UNITED STATES ATTORNEY

TRUE BILL

JOHNNY BAER
Assistant United States Attorney

FOREPERSON

1/15/2020

Date

9