IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:20-CR-10 |
| | : | |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| | : | |
| JAMES LARNERD | : | Electronically filed |

## BRIEF IN SUPPORT
## OF
## MOTION TO SUPPRESS EVIDENCE

**FACTS:**

On June 3, 2019 an Application for Search Warrant was prepared by Patrolman John C. Houser of the North Cornwall Police Department, Lebanon, PA.  The Search Warrant was approved and signed the same day by District Justice Anthony Verna, Lebanon, PA.  See Search Warrant and Affidavit of Probable Cause, Exhibit A to the Motion To Suppress Evidence.  The Search Warrant authorized a search of 327 Quittapahilla Drive, North Cornwall Township, Lebanon County, PA, a residence rented and occupied in common by James Larnerd, Rebecca Swift, Dusty Shutter, and Felicia Revely.  The owner of the premises was Gregory Kline.

On June 4, 2019 the Search Warrant was executed by the North Cornwall Township Police and other law enforcement authorities.  Various items were seized, including controlled substances, drug paraphernalia, cell phones, two firearms described in the Indictment as a Highpoint Model CF380 ACP handgun, S/N P8167295 and a Highpoint C9 Luger handgun, S/N P10044713, and other items.  See Receipt/Inventory of Seized Property, Exhibit A to the Motion To Suppress Evidence.

The Affidavit of Probable Cause for the Search Warrant, dated June 3, 2019, set forth information given to Patrolman Houser by Erma Williams, a former resident of the house at  327

Quittapahilla Drive.  Ms. Williams was interviewed by Patrolman Houser on the telephone on May 31, 2019 and again in person on June 1, 2019.  Ms. Williams stated that James Larnerd was selling narcotics from the residence and was in possession of two handguns.  She indicated that she had purchased methamphetamine from Defendant Larnerd on multiple occasions while she was living at 327 Quittapahilla Drive.  She stated that she lived in the house from March/April 2018 to December 2018.  Erma Williams did not indicate whether she had made any such purchase more recently than the time she claimed that she left the residence, approximately six months before the Search Warrant.  See Affidavit of Probable Cause, paragraphs 5 and 6, Exhibit A to the Motion To Suppress Evidence.

The Affidavit of Probable Cause also indicated that Erma Williams asserted to Patrolman Houser that on May 29 or 30, 2019, at 327 Quittapahilla Drive, she had observed Defendant Larnerd delivering $800 worth of methamphetamine to Gregory Kline; and had observed Defendant Larnerd handle two firearms.  See Affidavit of Probable Cause, paragraphs 2 and 6, Exhibit A to the Motion To Suppress Evidence.

The Affidavit of Probable Cause further indicated that on June 1, 2019 Patrolman Houser interviewed Joanne Nye, a neighbor, by telephone.  On May 17, 2019 Joanne Nye had called the police to report "suspicious vehicle traffic" to 327 Quittapahilla Drive.  She reported at that time that "multiple vehicles visit the residence every evening and the occupants enter the residence for short periods of time such as 10-15 minutes before leaving."  Ms. Nye stated that the activity was still taking place as of June 1, 2019.  See Affidavit of Probable Cause, paragraph 4, Exhibit A to the Motion To Suppress Evidence.

Patrolman Houser's Incident Report entry for June 2, 2019, concerning his interview of Erma Williams on June 1, 2019, indicated that she claimed that upon moving out of the house in December

2018 she had property in a storage unit, but that after she moved out of the house the owner of the residence, Gregory Kline, transferred her property from the storage unit back into 327 Quittapahilla Drive. Erma Williams asserted to Officer Houser that she had been trying to retrieve her property from the residence for months by speaking with Gregory Kline, but he and James Larnerd refused to return her property. See Incident Report, p.8-10, Exhibit B to the Motion To Suppress Evidence.

The Affidavit of Probable Cause for the Search Warrant omits any mention of Ms. Williams' above-stated reason for originally calling the police (at first anonymously) on May 31, 2019 to complain about her personal property being withheld, and to accuse James Larnerd of drug trafficking and possession of firearms. The only reference in the Affidavit of Probable Cause to Ms. Williams' reason for going to 327 Quittapahilla Drive on May 29 or May 30, 2019 was "to retrieve property." Exhibit A, Affidavit of Probable Cause, paragraph 6. There is no mention at all of the fact that Ms. Williams had a grievance against James Larnerd and Gregory Kline for refusing to return her personal property. Neither is there any mention of Erma Williams' criminal history.

Despite Erma Williams admission to Officer Houser that she had a personal grievance against both James Larnerd and Gregory Kline; despite Erma Williams also admitting to Officer Houser that she had been within the previous six months a regular user of methamphetamine; despite the fact that as of the date of the Affidavit of Probable Cause, June 3, 2019, Erma Williams had a prior criminal record in both York County, PA (No. CP-67-CR-4436-2018) and Dauphin County, PA (No. CP-22-4429-2018), and pending charges (complaint filed January 7, 2019) in Dauphin County, PA (No. CP-22-1195-2019); and despite the fact that there were no exigent circumstances, the North Cornwall Police did not attempt to corroborate any of the accusations made by Ms. Williams, except to speak by telephone with Joanne Nye, who had made a report of "suspicious vehicle traffic" to the house. Aside from the accusations of Erma Williams, the report of suspicious vehicle traffic was the only

3

other information the police relied upon to support the Search Warrant.  The police did not conduct

any surveillance of the property, did not set up any controlled buys at the property, did not attempt

to interview the owner of the property, did not attempt to identify or interview any of the four

occupants of the property, did not interview any neighbors other than Joanne Nye, and did not

attempt in any other manner to corroborate the accusations made by Erma Williams concerning the

distribution of controlled substances, the presence in the house of two firearms, or any other matter

asserted by Ms. Williams and relied upon by the police in the Affidavit of Probable Cause.

Officer Houser's Incident Report entry for June 1, 2019 at 11:22 (p.9) states as follows:

> Upon researching previous calls to 327 Quittapahilla Dr I found this department was dispatched to contact Middletown Police Department on 11/23/2018. Middletown PD was investigating a stolen firearm.  They were investigating James Larnerd as a suspect.
> I made contact with Middletown PD who advised the theft involved a 9mm Beretta (SN# P94011Z), critical defense ammunition, and 143 full metal jacket rounds.  They advised that they did not arrest Larnerd but have yet to recover the firearm.

Incident Report, p.9, Exhibit B to the Motion To Suppress Evidence.

On January 7, 2019 Officer Keegan Wenner of the Middletown Police Department filed a

criminal complaint against Erma Williams charging her with criminal conspiracy and theft of the

9mm Beretta, Critical Defense ammunition, and 143 additional rounds referred to by Officer Houser

in his above-quoted June 1, 2019 Incident Report entry.  Middletown Police complaint, Exhibit C

to the Motion To Suppress Evidence.

Although Officer Houser reported that on June 1, 2019 he "made contact with Middletown

PD," neither Officer Houser's Incident Report nor his Affidavit of Probable Cause for the Search

Warrant in this case made any reference to the fact that Erma Williams had been charged with

criminal conspiracy and theft of the very same gun and ammunition for which James Larnerd was

4

under investigation by the Middletown Police as of November 23, 2018, but for which Erma Williams had been charged on January 7, 2019.

Erma Williams claimed to the police that on May 29 or May 30, 2019 she had personally observed approximately 4-5 ounces [113-142 grams] of meth, approximately twenty Ecstacy pills, and marijuana, in the kitchen area of the house at 327 Quittapahilla Drive. Affidavit of Probable Cause, paragraph 6, Exhibit A. However, upon execution of the Search Warrant on June 4, 2019 the police found only .18 gram of meth in one bedroom, .88 gram of meth in a second bedroom, a total of 141.51 grams of marijuana, and no Ecstacy pills. See Incident Report, p. 10-11, Exhibit B to the Motion To Suppress Evidence; and PA State Police Bureau of Forensic Services lab report, Exhibit D to the Motion To Suppress Evidence.

**ISSUES:**

I. WHETHER THE OMISSION BY THE POLICE IN THE AFFIDAVIT OF PROBABLE CAUSE OF THE FACTS THAT ERMA WILLIAMS HAD A PERSONAL GRIEVANCE AGAINST THE DEFENDANT AND A CRIMINAL RECORD TAINTED THE ISSUANCE OF THE SEARCH WARRANT, SINCE THE DISTRICT JUSTICE WAS DEPRIVED OF MATERIAL INFORMATION CONCERNING THE RELIABILITY OF ERMA WILLIAMS AS AN INFORMANT.

II. WHETHER ERMA WILLIAMS WAS ENTITLED TO A PRESUMPTION OF CREDIBILITY AS A "PRIVATE CITIZEN INFORMANT;" OR WHETHER IN VIEW OF HER ADMITTED GRIEVANCE AGAINST THE DEFENDANT, HER ADMITTED HISTORY OF DRUG USE, AND HER CRIMINAL HISTORY, THE ACCUSATIONS SHE MADE, WHICH WERE RELIED UPON BY THE POLICE FOR THE AFFIDAVIT OF PROBABLE CAUSE, SHOULD HAVE BEEN CORROBORATED BY INDEPENDENT FACTS.

**ARGUMENT:**

**I. Reckless Material Omissions and Falsehood in Affidavit of Probable Cause:**

In order for an affidavit of probable cause to a search warrant to be found defective on the basis of false statements or omissions therein, it is necessary to show: "(1) that the affiant knowingly and deliberately, *or with reckless disregard for the truth*, made false statements or omissions that

create a falsehood in applying for a warrant; and (2) that such statements or omissions were material, or necessary, to the probable cause determination."  Italics added.  United States v. Yusuf, 461 F.3d 374, 383 (3rd Cir. 2006).  In circumstances where a defendant claims that there were material omissions in the affidavit, made with reckless disregard for the truth, the Third Circuit has held that "omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would want to know..." Id., following Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978).  It has further been held that "omissions are made with reckless disregard if an officer withholds a fact in his ken that 'any reasonable person would have known that this was the kind of thing the judge would wish to know.'" Wilson v. Russo, 212 F.3d 781, 788 (3rd Cir. 2000), quoting United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir. 1993).

In the present case, the admitted bias of Erma Williams against James Larnerd, and her criminal history, were clearly material facts which "any reasonable person," including the District Justice here, would have wanted to know, especially since the accusations of Erma Williams were completely uncorroborated.  Indeed, aside from the accusations made by Erma Williams, the only other information related to activity at 327 Quittapahilla Drive which was contained in the Affidavit of Probable Cause was the report of one neighbor concerning "suspicious vehicle traffic" to the residence.

The critical facts concerning Ms. Williams bias were set forth in Patrolman Houser's Incident Report, but not in the Affidavit of Probable Cause signed by Patrolman Houser on June 3, 2019.  The only reference in the Affidavit of Probable Cause to Ms. Williams' reason for going to 327 Quittapahilla Drive on May 29 or May 30, 2019 was "to retrieve property."  Exhibit A, Affidavit of Probable Cause, paragraph 6.  There was no mention at all of the fact that Ms. Williams had a grievance against James Larnerd for refusing to return her personal property.  There was no mention

at all of Ms. Williams criminal history.  There were no facts offered in support of Ms. Williams'
reliability or veracity as an informant.

Further, despite the fact that Officer Houser communicated with the Middletown Police on
June 1, 2019 and secured additional information about the November 2018 theft of a 9mm Beretta
and ammunition, neither Officer Houser's Incident Report nor his Affidavit of Probable Cause for
the Search Warrant in this case made any reference to the fact that on January 7, 2019 Erma
Williams had been criminally charged with the theft of the 9 mm Beretta and ammunition.  See
Exhibit C to the Motion To Suppress Evidence; and the Dauphin County docket at No. CP-22-CR-
1195-2019.  Ms. Williams' co-defendant is charged in Dauphin County at Commonwealth v.
Brandon Martin Smith, No. CP-22-CR-933-2019.

In addition to the omissions from the Affidavit of Probable Cause, the Affidavit also
contained a false material fact.  First, Ms. Williams claimed that on May 29 or 30 she had personally
observed "approximately 4-5 ounces of meth, marijuana, and approximately twenty Ecstacy pills in
the kitchen area" of the house at 327 Quittapahila Drive.  However, upon execution of the warrant
on June 4 the police found only .18 gram of meth in one bedroom, .88 gram in another bedroom, a
total of 141.51 grams of marijuana, and no Ecstacy pills.

The Affidavit of Probable Cause for the Search Warrrant contained a reckless material
falsehood, and recklessly omitted material facts, such that the finding of probable cause for the
Search Warrant was fatally tainted; and the Defendant is entitled to a hearing on this issue under
Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978); United States v. Yusuf, 461 F.3d 374, 383-
385 (2006).  The Third Circuit Court of Appeals has held:

> The procedural mechanism used to 'challenge the truthfulness of facts alleged
> in support of a search warrant application' is known as a Franks hearing.  United
> States v. Pavulak, 700 F.3d 651, 665 (3rd Cir. 2012).

The right to a <u>Franks</u> hearing is not absolute...  The defendant must first (1) make a 'substantial preliminary showing' that the affiant knowingly or recklessly included a false statement in or omitted facts from the affidavit, and (2) demonstrate that the false statement or [omission of facts] are necessary to the finding of probable cause.

<u>United States v. Stiso</u>, 708 Fed. Appx. 749, 753 (3rd cir. 2017), quoting from <u>United States v. Yusuf</u>, *supra*, 383-384.  Same: <u>United States v. Braddy</u>, 722 Fed. Appx. 231, 236 (3rd Cir. 2017).  Where a magistrate is induced to approve a search warrant based on an affidavit which recklessly omits material facts or contains reckless falsehoods, the Government cannot avoid suppression on a claim of good faith.  <u>United States v. Dennington</u>, 399 Fed. Appx. 720, 723 (3rd Cir. 2010); <u>United States v. Hicks</u>, 460 Fed. Appx. 98, 103 (3rd Cir. 2012).

**Absence of Corroboration in the Affidavit of Probable Cause:**

It has been held that "private citizen informants" are entitled to an initial presumption of credibility.  As stated by the Second Circuit Court of Appeals, "The veracity of identified private citizen informants (as opposed to paid or professional criminal informants) is generally presumed *in the absence of special circumstances suggesting that they should not be trusted*."  Italics added. Internal citations omitted.  <u>United States v. Elmore</u>, 482 F.3d 172, 180 (2nd Cir. 2007).  Same: <u>United States v. Geasland</u>, 694 Fed. Appx. 422, 432 (7th Cir. 2017); <u>United States v. Bullcoming</u>, 764 Fed. Appx. 804, 806-807 (10th Cir. 2019).  In the present case, Erma Williams was not an ordinary private citizen informant.  She admitted to the police that she had a grievance against both James Larnerd and Gregory Kline, and she also admitted that she was a user of methamphetamine.  Moreover, Ms. Williams had a prior criminal record in Lebanon and Dauphin Counties, and pending criminal charges in Dauphin County.  In those circumstances, her reliability and veracity could not be presumed.  Corroboration of her statements was therefore required by more than mere reference to a neighbor's complaint about the number of vehicles coming and going at the suspect house.

8

However, as noted above, the police made no effort to corroborate the accusations made by Erma Williams, except to make a phone call to the neighbor who had previously called the police about vehicle activity.  Since Ms. Williams, due to her personal bias, drug use, and criminal history, was not entitled to a presumption of veracity, the police were required to determine, by independent corroboration, that the information provided by Erma Williams was reliable.  It is no less important for the police to corroborate the accusations of a witness with a known motive to falsify, a known history of drug use, and an easily determinable criminal record, than to corroborate accusations from an anonymous source or police informant.  Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983). Uncorroborated information from a tipster cannot support a finding of probable cause where information about the tipster, either known to the police or easily ascertainable, gives rise to doubts about the reliability of the informant.  United States v. Heilman, 377 Fed Appx. 157, 193 (3rd Cir. 2010); United States v. Sanchez, 246 Fed. Appx. 803 (3rd Cir. 2007), (three controlled drug buys corroborated information from otherwise doubtful informant).

**CONCLUSION:**

For the reasons set forth above, it is requested that the Court schedule an evidentiary hearing under Franks v. Delaware, *supra*; and that all of the evidence seized by the North Cornwall Police Department, Lebanon, PA during the search conducted on June 4, 2019 at 327 Quitapahilla Drive, Lebanon, PA be suppressed, including but not limited to all controlled substances, drug paraphernalia, firearms, ammunition, cell phones, currency, and all other seized items or property of any kind.

August 19, 2020                                  Respectfully submitted,

*/s/ William A. Fetterhoff*
William A. Fetterhoff, Esq.
Myers Brier & Kelly
240 North Third Street
5th Floor
Harrisburg, PA 17101
E-mail: wfetterhoff@live.com
Telephone: (717) 856-7421

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically served on the individuals listed below on the date indicated.

Johnny Baer, Esq.
Assistant U.S. Attorney
Federal Building
Third and Locust Streets
Harrisburg, PA 17101
john.c.baer@usdoj.gov


Craig E. Kauzlarich, Esq.
Abom & Kutulakis, LLP
2 West High Street
Carlisle, PA 17013
cek@abomkutulakis.com


August 19, 2020                          /s/ Willaim A. Fetterhoff
                                         William A. Fetterhoff, Esq.
                                         Myers Brier & Kelly
                                         240 North Third Street
                                         5th Floor
                                         Harrisburg, PA 17101
                                         E-mail: wfetterhoff@live.com
                                         Telephone: (717) 856-7421