IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:20-CR-00010 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| JAMES LARNERD and | : | |
| REBECCA SWIFT, | : | |
| Defendants. | : | (Electronically Filed) |

GOVERNMENT'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

COMES NOW, the United States of America, by and through its attorneys, David J. Freed, United States Attorney for the Middle District of Pennsylvania, and undersigned counsel, respectfully files this Brief in Opposition to Defendant's Motion to Suppress Evidence and, in support thereof, states the following:

## I.  PROCEDURAL HISTORY

On January 15, 2020, the defendant, James Larnerd ("Larnerd") was indicted by a grand jury in a multi-count indictment charging him in Count Three with a violation of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute a Controlled Substance; in Count Four with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), Possession of a Firearm by a

1

Prohibited Person; and in Count Five with a violation of Title 21, United States Code, Section 856(a)(1), Using or Maintaining Drug Premises. (Doc 1).

On January 20, 2020, Larnerd entered a plea of not guilty to the indictment. (Doc 16). The court ordered him detained pending trial on February 6, 2020. (Doc. 30). On March 5, 2020, Larnerd filed a motion for reconsideration of that order. (Doc 33). Citing both Larnerd's lengthy criminal history as well as the absence of a suitable third-party custodian, this Court denied the motion on April 10, 2020. (Doc 41).

On January 15, 2020, co-defendant, Rebecca Swift ("Swift") was charged in the same multi-count indictment with two counts of making a False Statement During Purchase of a Firearm, in violation of 18 U.S.C. Section 922(a)(6). (Doc. 1). Swift entered a plea of not guilty on January 20, 2020. (Doc. 22).

On October 19, 2020, Larnerd and Swift each filed a motion to suppress evidence along with briefs in support of the motions. (Docs. 46-47 and 56-57). The motions raised identical challenges to the state search warrant and, therefore, the Government responds to both

motions herein.

## II. RELEVANT FACTUAL BACKGROUND

In May of 2019, Erma Williams ("Williams") contacted the North Cornwall Township Police for help retrieving property from 327 Quittapahilia Drive. Officer John Houser ("Ofc. Houser") responded to the request. Williams told Ofc. Houser that she lived at that address but left when Larnerd and his girlfriend, Swift, were allowed by the owner, Gregory Kline, ("Kline") to move in. She further explained that Larnerd used methamphetamine heavily, sold drugs, had been acting erratically, and made threats to kill her. She knew that he was a convicted felon and saw him possess firearms in the house. She also witnessed Larnerd store drugs in the house and sell drugs to occupants of the house and other visitors. Williams also explained that in November of 2018, Larnerd began selling methamphetamine more regularly from the residence. She purchased methamphetamine from him on multiple occasions until she moved out in December of 2018. She also witnessed Larnerd sell to Kline on several occasions.

On or about May 29, 2019, Williams went to 327 Quittapahilia Drive to retrieve her property. When she arrived Larnerd let her in the

3

side door leading to the kitchen area. She immediately saw what she estimated to be about four to five ounces of methamphetamine in the kitchen. While in the kitchen, she saw Larnerd sell $800.00 worth of methamphetamine to Kline. Larnerd also openly displayed two handguns and placed them on the kitchen counter. According to Williams, Larnerd was very candid about selling methamphetamine and even explained that he had several people selling for him.

In May of 2019, the police department received a tip from a neighbor who lives at 320 Quittapahilia Drive about suspicious activity at Larnerd's residence. On June 1, 2019, Ofc. Houser interviewed the tipster, later identified as Joanne Nye. She described heavy foot traffic in and out of the residence throughout the day, and regularly witnessed people enter the residence and leave after a few minutes.

Using that information, Ofc. Houser applied for and obtained a search warrant for 327 Quittapahilia Drive. During the execution of the warrant on June 4, 2019, the police found a Highpoint 9mm C9 Luger handgun in Larnerd's second floor bedroom, and a Highpoint Model CF380 ACP handgun in a downstairs closet. There were also small amounts of marijuana and methamphetamine scattered around the

4

house. Police found obvious indicia of street-level drug distribution, including a scale and numerous empty unused bags

Following the search on June 4th, Swift gave a handwritten and signed statement to police. In the statement, she confessed to purchasing the .380 handgun and the 9mm handgun for Larnerd on April 25, 2019. She made the purchase because she knew that "he couldn't own them" due to his status as a felon[1].

### III. QUESTION PRESENTED.

A. WHETHER THE DEFENDANTS MET THEIR BURDEN OF PROVING MATERIAL OMISSIONS OR A FALSE STATEMENT OF FACT IN THE AFFIDAVIT OF PROBABLE CAUSE

### IV. DISCUSSION.

The Fourth Amendment protects the public from "unreasonable searches and seizures." *U.S. Const. amend. IV*. Therefore, the government must prove, by a preponderance of the evidence, that "each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005).

---

[1] These facts are a summary of the information obtained from Officer John Hauser's incident report and the affidavit of probable cause, both of which were attached as exhibits to the defense motions and were again admitted into the record at the suppression hearing as Defense Exhibits A and B.

The applicable standards for assessing whether probable cause exists were set forth in *Illinois v. Gates*, 462 U.S. 213 (1983):

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Id.* at 238-39 (cleaned up). The role of a reviewing court is not to determine probable cause *de novo*, but instead to determine whether there was a substantial basis for the magistrate judge's probable cause finding. *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). Although a district court should not "simply rubber stamp a magistrate judge's conclusions," *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir. 1983), the decision of a magistrate judge is entitled to great deference. *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993). If a substantial basis exists, then the court must uphold the magistrate judge's finding even if "a different magistrate judge might have found the affidavit insufficient to support a warrant." *Stearn*, 597 F.3d at 554 (quoting *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993)).

Even when an invalid warrant is issued, the evidence need not be suppressed when "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Wallace, 419 Fed. Appx. 256, 259 (3rd Cir. 2011) (quoting United States v. Leon, 468 U.S. 897, 920, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)*. "The test for whether the good faith exception applies is 'whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization'." *Id. (quoting United States v. Loy, 191 F.3d 360, 367 (3rd Cir. 1999)*. Typically "[t]he mere existence of a warrant [ ] suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." *Id. (quoting United States v. Hodge, 246 F.3d 301, 307-08 (3rd Cir. 2001)*. There are four circumstances, however, in which the good-faith exception is not applied:

>(1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;
>
>(2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function;
>
>(3) the warrant was based on an affidavit so lacking in indicia

  of probable cause as to render official belief in its existence entirely unreasonable; or

(4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized. *Id.* *(citing United States v. Stern 597 F.3d 540, 561 (3rd Cir. 2010).*

  In *Franks v Delaware, 438 U.S. 154, 165, 98 S,Ct, 2674, 57 L.Ed.2d 667 (1978)*, the United States Supreme Court indicated that a defendant has the right to challenge the veracity of statements made in an affidavit of probable cause. When a court determines that a defendant has made a preliminary showing that an affidavit contained a false statement or omission, a defendant must then prove by a preponderance of the evidence that: (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions were material, or necessary, to the probable cause determination. *U.S. v. Yusef, 461 F.3d 374, 383 (3rd. Cir. 2006) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir.1997)*

In *Wilson v. Russo, 212 F.3d 781, 787 (3d Cir.2000)* the Third Circuit provided standards to analyze what constitutes "reckless disregard for the truth" regarding both misstatements and omissions:

> In evaluating a claim that an officer both asserted and omitted facts with reckless disregard for the truth, we hold that: (1) omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would want to know; and (2) assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting.

As a threshold matter, the Government submits that the factual recitation set forth in the affidavit clearly provides a substantial basis for the magistrate's probable cause finding. The affidavit represents that a named witness – Erma Williams – personally observed Larnerd sell methamphetamine and handle firearms inside his residence in the days prior to the search. The affidavit also contained facts corroborating her statement. The corroborating evidence included both Larnerd's prior convictions for drug trafficking and illegal firearm possession, and another identified witness – Joanne Nye – who witnessed heavy vehicle and foot traffic in and out of Larnerd's residence. Visitors would arrive and leave in a short amount of time. *See* **Defense Exhibit A.** The totality of those facts unquestionably supports a finding of probable

9

cause. Nevertheless, in their joint challenge to the search warrant, Larnerd and Swift allege two material omissions and one false material fact in the affidavit.

The Government will first address the allegedly false material fact. The affidavit represents that several days prior to the warrant application, Williams saw Larnerd with "4-5 ounces of methamphetamine in the kitchen." (Defense Exhibit A, p. 3). Larnerd now argues that because a lesser amount of methamphetamine was found during the execution of the warrant, the statement was necessarily a "false fact." This argument demonstrates a fundamental misunderstanding of street-level drug trafficking. As Ofc. Houser acknowledged in his suppression testimony he knows from experience that the amount of product in a drug dealer's possession "varies given where they are at in their business day." (Notes of Testimony of Suppression Hearing, October 22, 2020, at p. 50) (Hereinafter "N.T."). Drugs are bought and sold quickly on the street. A street-level dealer may start the day with a large quantity of drugs and sell out quickly depending on the market demand. Larnerd simply makes a conclusory statement that the information is a "false fact." This is an entirely

unreasonable conclusion, and the defendant's fall woefully short of proving that the statement was made "with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting." One need not be a trained law enforcement officer to understand that drug dealers sell out of product. It is just common sense.

    Even assuming – for the sake of argument – that this Court determined that the statement was an "obvious disregard for the truth," there would still be a substantial basis for the probable cause determination because the statement was not necessary to the probable cause finding. The affidavit presented a named witness – Williams – who saw Larnerd, a convicted felon, in possession of firearms in the residence a few days prior to the warrant application. That fact alone would support a probable cause determination to search the home. In either event, the defendants have fallen well short of meeting their burden on this point.

    The defendants also allege that the affidavit omitted a "grievance" between Williams and Larnerd. Their insistence on using the term "grievance" is misleading. That term implies that Williams would have

some motive to lie, and that Ofc. Houser knowingly and deliberately, or with reckless disregard for the truth, omitted this fact. To the contrary, Ofc. Houser testified that he was unaware that Williams had any grievance, ill-will, malice or anger toward Larnerd.  When Ofc. Houser spoke to Williams on the phone, she said nothing to suggest – nor did the tone of her voice suggest – that she harbored those feelings. Similarly, when they met in person Williams said nothing to suggest – nor did her body language suggest – that she harbored ill-will, malice or anger towards Larnerd. (N.T. 48-49).  Indeed, Ofc. Houser described merely a person who "just wanted to get her property back and move on." (N.T. 49). A police officer cannot convey facts to a magistrate judge that are unknown. Therefore, there is simply no good-faith argument here that that Ofc. Houser "knowingly and deliberately, or with a reckless disregard for the truth, omitted some material fact.

      Finally, the defendants argue that the affidavit did not mention Williams' prior convictions for minor misdemeanor offenses. As Larnerd noted in his brief, her convictions were for possessing drug paraphernalia and not crimes involving any element of dishonesty.

(York County Court of Common Pleas CP-67-CR-4436-2018; Dauphin County Common Pleas CP-22-CR-4429-2018).

Larnerd correctly points out – and the Government agrees – that private citizen informants are presumed reliable in the absence of special circumstances indicating they should not be trusted. *See* **United States v. Elmore, 482 F.3d 172, 180 (2nd Cir. 2007).** However, the Government disagrees with the defendant's characterization of Williams as anything more than a private citizen complainant. She obviously was not a confidential source. The mere fact that she has two minor misdemeanor convictions related to drug use in the past does not magically transform her into a police informant. She was not working with police, under criminal investigation, seeking compensation or requesting assistance with criminal charges. She merely reached out to police for assistance with a civil issue. Therefore, she is entitled to the presumption.

Even with the most generous assumption – for argument's sake – that she should be as a informant – he statements were corroborated and, therefore, credible. In his brief, Larnerd states that Willams' statements were "completely uncorroborated." (Doc. 47, p. 8). That

13

assertion is blatantly wrong. Although unnecessary under the circumstances, Ofc. Houser took multiple steps to substantiate Williams' claims.

First, Ofc. Houser interviewed an independent witness who detailed obvious evidence of drug activity at Larnerd's residence. Second, Ofc. Houser confirmed that Larnerd had a criminal history consisting of drug trafficking and firearm offenses. Those facts substantially corroborate Williams' statement.

Ofc. Houser testified that because Williams was making what he deemed a private citizen complaint, he did not believe it necessary to check her criminal history. Furthermore, he was unaware of any pending charges. Similarly, he was unaware of any ill-will, malice or motive for Williams to lie. (N.T. at 56). Nevertheless, Ofc. Houser went above and beyond what the Government believes was necessary to corroborate the information and solidify the basis for a probable cause determination. Considering what Ofc. Houser knew at the time there is no merit to the claim that he made *any* omissions "with reckless disregard for the truth that any reasonable person would want to know." The Government found no authority – nor do the defendants

provide any authority – for the proposition that a police officer must conduct a thorough background check of private citizens providing information to police about criminal activity. She was not a confidential informant whose reliability must be established. Larnerd and Swift are now asking this Court to impose an unreasonable and unrealistic burden on police. The Government respectfully requests this Court to decline that invitation.

Finally, even if this Court determined the affidavit lacked probable cause, the good-faith exception would apply, as none of the four exception that preclude the good-faith exception exist in this case. A criminal defendant's remedy under *Franks* is undoubtedly meant to punish and deter police misconduct that is a far cry from what occurred here. Under all the circumstances considered above, three things are clear: (1) the affidavit on its face overwhelmingly articulates probable cause; (2) the defendants fell woefully short of meeting their burden to prove reckless omissions or false statements and: (3) the officer believed he was presenting in good faith the affidavit "in accordance with his training, department's policies and the law as he understood it." (N.T. p 59).

## V. CONCLUSION.

The defendant's have not met their burden to prove that the police made omissions with reckless disregard for the truth. Even if the omissions were added, they would not alter the finding of probable cause because they are not material. Erma Williams is presumed reliable. Nevertheless, her statements were independently corroborated and, therefore, are reliable.  Finally, Ofc. Houser was diligent and acting in good faith in the preparation and presentation of the warrant to the magistrate. For all the foregoing reasons, the Government respectfully requests that this Court deny the defendant's motion to suppress evidence.

                                              Respectfully submitted

                                              DAVID J. FREED
                                              United States Attorney

Dated:  November 20, 2020      By:   /s/ Johnny Baer
                                                        JOHNNY BAER
                                                        Assistant U.S. Attorney
                                                        Attorney ID No. PA 201632
                                                        228 Walnut Street, Suite 220
                                                        Harrisburg, Pennsylvania 17108
                                                        (717) 221-4482 telephone
                                                        (717) 221-4493 facsimile
                                                        john.c.baer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 1:20-CR-00010 |
| | : |
| v. | : (Judge Wilson) |
| | : |
| JAMES LARNERD and | : |
| REBECCA SWIFT, | : |
| Defendants. | : (Electronically Filed) |

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with the word count limit set forth in Local Rule 7.8(b)(2). The actual number of words in this Brief, according to the word processing system used to prepare the Brief, is 2,958 words.

/s/ Johnny Baer
JOHNNY BAER
Assistant U.S. Attorney
Attorney ID No. PA 201632
228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
(717) 221-4482 telephone
(717) 221-4493 facsimile
john.c.baer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 1:20-CR-00010 |
| | : |
| v. | : (Judge Wilson) |
| | : |
| JAMES LARNERD and | : |
| REBECCA SWIFT, | : |
| Defendants. | : (Electronically Filed) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this 20th day of November 2020, she served a copy of the attached:

GOVERNMENT'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

by electronic filing to the person(s) hereinafter named:

William A. Fetterhoff, Esq.
wfetterhoff@live.com

Craig E. Kauzlarich, Esq.
cek@abomkutulakis.com

/s/ Amanda Albert

AMANDA ALBERT
Legal Assistant